UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

John Thomas Lanford and Lisa Timms Lanford,

                  Debtors.

John Thomas Lanford and Lisa Timms Lanford,

                  Plaintiffs,

v.

MCE Cars, Inc. d/b/a Kia of Greer and AmeriCredit Financial Services, Inc.,

                  Defendants.

C/A No. 05-11814-W

Adv. Pro. No. 05-80369-W

Chapter 13

**ORDER**

This matter comes before the Court on a motion to dismiss filed by MCE Cars, Inc. ("MCE"). MCE moves that the Court dismiss it as a defendant in this action on grounds that: 1) Plaintiffs John Thomas Lanford and Lisa Timms Lanford ("Debtors") are not the real party in interest; 2) Debtors are judicially estopped from bringing this action because they failed to disclose this action as an asset of their estate in their schedules and statements filed with this Court; and 3) Debtors' action fails to state a claim for which relief can be granted.

Debtors state that they brought this action in response to an objection to their Chapter 13 plan filed by AmeriCredit Financial Services, Inc. ("AmeriCredit").[1] In this action, Debtors allege that MCE and AmeriCredit violated the South Carolina Consumer Protection Code, the South Carolina Motor Vehicle Dealer Act, and Federal Truth in

---

[1] The Court notes that AmeriCredit did not move to dismiss this action but filed an answer and objected to confirmation of Debtors' proposed plan based upon Debtors' proposed valuation of an automobile that secures AmeriCredit's claim.

Lending Act. Debtors admit at the hearing on this matter that the grounds for these causes of action arose prepetition and that this suit is an asset of the estate. Debtors did not disclose this suit as an asset of their bankruptcy estate in their schedules and Debtors' present pleadings would appear to direct any recovery that they receive to Debtors rather than their estate. Debtors' Chapter 13 Trustee is not a party to this action.

As the matter now stands, there is not a sufficient nexus between this action and Debtors' bankruptcy. It does not appear that any recovery would be property of the bankruptcy estate nor would be recovered by the Chapter 13 Trustee for distribution to creditors. Without determining whether a Chapter 13 Trustee is always the real party in interest to these types of actions, the Court believes that the Chapter 13 Trustee is a necessary party in this action because of Debtors' failure to disclose the asset in their schedules and their failure to bring the action for the benefit of their estate.[2] Thus, the Court allows the Chapter 13 Trustee seven (7) days from the date of this Order to review the merits of this action and to move to be joined as a plaintiff or substituted as the real party in interest so that Trustee may actively prosecute this action, if he so chooses, and make any recovery for the benefit of the bankruptcy estate.

If the Chapter 13 Trustee does not move to be joined as a plaintiff or substituted as the real party in interest within the prescribed time period, then the Court will abstain from

---

[2] Cases are split on whether a Chapter 13 Trustee is the necessary party to pursue actions belonging to a Chapter 13 debtor's bankruptcy estate. *Compare* In re Gardner, 218 B.R. 338, 342 (Bankr.E.D.Pa.1998) (holding "[t]rustee's status as representative of the estate requires that he be the party suing to assert any prepetition causes of action asserted by Chapter 13 debtors"); Richardson v. United Parcel Serv., 195 B.R. 737, 739 (E.D.Mo.1996) (holding that a bankruptcy trustee steps into shoes of debtor to assert debtor's causes of action), *with* In re Wirmel, 134 B.R. 258, 260 (Bankr.S.D.Ohio 1991) (holding that a debtor has concurrent power with Chapter 13 trustee to sue and be sued). This Court does not determine whether the Chapter 13 Trustee is a real party in interest, as this Court has determined that the Chapter 13 Trustee is a necessary party to this action given that Debtors' did not disclose the asset in their schedules and statement of financial affairs and that any recovery under the Complaint appears to be directed to Debtors rather than their estate.

2

hearing this action pursuant to 28 U.S.C. § 1334(c)(1).[3] Permissive abstention is allowed in the interest of justice, comity with state courts, or respect for state law. McCullough v. O'Quinn (In re Karottukunnel), C/A No. 99-08431-W; Adv. Pro. No. 00-80004-W, slip op. at 2 (Bankr. D.S.C. Mar. 27, 2000). The Court considers the following factors in determining whether to abstain: 1) the effect of abstention on the administration of the estate; 2) the extent to which state law issues predominate over bankruptcy law issues; 3) the difficulty or uncertain nature of the state law issues involved; 4) the presence of a related proceeding commenced in state court; 5) the degree of relatedness or remoteness of proceeding to the bankruptcy proceeding; 6) the burden of the bankruptcy court's docket; and 7) the likelihood that forum shopping may have been practiced by one of the parties. Id. at 2-3.

Although Debtors mention a cause of action under the Federal Truth in Lending Act, Debtors' causes of action appear to be based primarily on state law and state law issues appear to predominate over the federal issues involved in this matter.[4] Debtors' Chapter 13 plan does not appear to be dependent upon recovery. It does not appear that abstention will adversely effect the administration of their bankruptcy case.[5] State courts are equipped to adjudicate these types of actions, which would otherwise create a burden on this Court's docket. The state courts are equally familiar with the defenses asserted by MCE. See Grooms v. Kennerly, 303 S.C. 447, 401 S.E.2d 190, 193 (S.C. Ct. App. 1991) (barring the beneficiary of a debtor in bankruptcy from receiving property secreted by the debtor from

---

[3] The Court is abstaining from hearing this entire action, including Debtors' claims against AmeriCredit.
[4] Although Debtors have alleged a violation of the Federal Truth in Lending Act, based upon an alleged failure by the Defendants to make certain disclosures, the state courts are able to address this issue as South Carolina law has incorporated by reference these provisions of the Federal Truth in Lending Act. See S.C. CODE ANN. § 37-3-301 (2002).
[5] Nothing in this Order prohibits the Court from addressing issues dealing with confirmation of Debtors' plan. Debtors' plan proposes to value the collateral on which AmeriCredit bases its claim at $20,000.00.

the bankruptcy estate). The relief that Debtors seek is also uncertain under state law.[6] For the foregoing reasons, this Court will abstain from hearing this action, absent a timely motion by Debtors' Chapter 13 Trustee to join this action as a party in interest.

The Court need not determine at this time whether Debtors should be judicially estopped from bringing this action or whether Debtors' Complaint fails to state a claim upon which relief can be granted.[7]

It is therefore ordered that Debtors' Chapter 13 Trustee shall have seven (7) days from the entry of this Order to move to join this action as a party plaintiff and that, if the Chapter 13 Trustee so moves, Debtors and the Trustee shall submit a consent order stipulating that any recovery received from this action is property of the bankruptcy estate to be distributed pursuant to Debtors' Chapter 13 plan. Otherwise, the Court abstains from hearing this action and dismisses the adversary proceeding.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
January 24, 2006

---

[6] Although Debtors' cite several state statutes, Debtors do not provide South Carolina case law indicating that Debtors are entitled to recover under these statutes for Defendants' alleged actions.
[7] Debtors argue that they did not intend to omit any claim from their schedules and therefore judicial estoppel should not apply.